IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CASEY NEIL MCCLURE d/b/a**
**JET SOUTH, LLC, et al.,**

    **Plaintiffs,**

v.                                                              CASE NO. 5:15-cv-3-RS-GRJ

**PANAMA CITY-BAY COUNTY**
**AIRPORT & INDUSTRIAL**
**DISTRICT, et al.,**

    **Defendants.**
_____/

## ORDER

Before me is Plaintiff's Motion to Recuse (Doc. 32) and Defendants' Response in Opposition (Doc. 35).

On April 15, 2015, I sent a Notice to Counsel (Doc. 29) informing the parties of my past affiliation with Defendant Panama City-Bay County Airport and Industrial District. I issued the Notice only in the interests of full disclosure. The Notice stated, in relevant part,

> "I represented the Panama City-Bay County Airport and Industrial District as outside counsel when I was in private practice from 1973 until 2005 when I was confirmed as District Judge. I have had no contact with the District or its representatives since 2005. I did not know the identities of the District's executive director or the members of its board of directors until today when I viewed the District's web site to learn their identities. I have known none of them previously. No other cases involving the District or its representatives have come before me during my service on the District Court."

Based on the Notice, Plaintiffs have now filed a motion to recuse under 28 U.S.C. § 455(a).

29 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal under § 455(a) is appropriate if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (citations and quotations omitted).

Plaintiffs' seek recusal because I represented the Airport ten years ago while I was in private practice. As I stated in my Notice (Doc. 29), that was a very long time ago. I have not kept in touch with the Airport, I have not interacted with it in my capacity as Judge, and I do not currently know any of the board of directors. I would obtain no benefit, financial or otherwise, by giving any preference in this litigation to the Airport. Even my personal relationships with the individuals I represented while in private practice would not be affected by the outcome of this case.

The matter at hand, which appears to have accrued in 2014, is nine years removed from any events that I witnessed or had access to when I represented the airport, and is totally unrelated to any matter in which I represented the Airport.

Courts in this Circuit have noted that "[t]he case law surrounding 455(a) is generally in agreement that a judge's impartiality would not be reasonably questioned simply because the judge's former client now appears . . . in an unrelated matter over which the judge is presiding." *United States v. Lawson*, No. 2:06CR173-MHT, 2007 WL 62854, at *2 (M.D. Ala. Jan. 9, 2007) (collecting cases). Others circuits have found the same. *See, e.g., Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("The prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal."); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) ("The relationship between Judge [ ] and [Client], terminated at least six years ago, is too remote and too innocuous to warrant disqualification under § 455(a)."). Furthermore, the Judicial Conference Committee on Codes of Conduct has specifically noted that

> "If a former client of the judge is a party, but the litigation is totally unrelated to the earlier representation, whether recusal is required depends upon such factors as the length of time since the earlier representation ended; the nature, duration, and intensity of the earlier representation; the presence or absence of ongoing personal relationships; etc."

Lawson, 2007 WL 62854, at *2 (*quoting* Judicial Conference Committee on Codes of Conduct, Compendium of Selected Opinions § 3.6-5(b) (2005)). Here, the length of time since the representation ended is very long, and there is a

complete absence of ongoing personal relationships between myself and the Airport.

I therefore find that no reasonable observer would entertain any significant doubt about my ability to fairly decide this case, and recusal would be improper. Plaintiff's Motion to Recuse (Doc. 32) is **DENIED**.

**ORDERED** on May 14, 2015.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**